Ryan Lee (SBN: 235879)
rlee@consumerlawcenter.com
Krohn & Moss, Ltd.
10474 Santa Monica Blvd., Suite 405
Los Angeles, CA  90025
Tel: (323) 988-2400
Fax: (866) 861-1390
TERRY PERALES

**IN THE UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| TERRY PERALES,            ) | Case No.: 2:15-cv-8319 |
|                           ) | |
|                           ) | **COMPLAINT AND DEMAND FOR** |
|          Plaintiff,       ) | **JURY TRIAL** |
|                           ) | |
|     v.                    ) | **(Unlawful Debt Collection Practices)** |
|                           ) | |
|                           ) | |
| AMERICAN EXPRESS CORP,    ) | |
|                           ) | |
|                           ) | |
|          Defendant.       ) | |
|                           ) | |

TERRY PERALES (Plaintiff), by her attorneys, KROHN & MOSS, LTD., alleges the following against AMERICAN EXPRESS CORP. (Defendant):

**INTRODUCTION**

1. Count I of Plaintiff's Complaint is based on Telephone Consumer Protection Act, 28 U.S.C. § 227 *et seq.* (TCPA).

2. Count II of the Plaintiff's Complaint is based on Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 *et seq.* (RFDCPA).

## JURISDICTION AND VENUE

3. Jurisdiction of this Court over Counts I of Plaintiff's Complaint arises pursuant to 28 U.S.C. § 1331, and 28 U.S.C. § 1367 grants this court supplemental jurisdiction over the state claims contained herein.

4. Defendant conducts business in the State of California thereby establishing personal jurisdiction.

5. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

6. Plaintiff is a natural person residing in Whittier, Los Angeles County, California.

7. Defendant is a business entity with a principal place of business in Groveland CA.

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

9. In 2015, Defendant began constantly and continuously places collection calls to Plaintiff seeking and demanding payment for an alleged debt owed for a student loan.

10. Plaintiff's alleged debt arose through a consumer credit transaction.

11. Defendant places collection calls from telephone number 877-437-1897,

12. Defendant places collection calls to Plaintiff's cellular telephone at phone number (562) 881-13XX.

13. Based upon the timing and frequency of Defendant's calls and per its prior business practices, each of Defendant's calls were placed using an automatic telephone dialing system.

14. On or around April 30, 2015 at 12:00 P.M., Plaintiff called Defendant at (423) 477-4888 and spoke to Defendant's male representative.

15. In the course of the telephone call in or around April 30, 2015, Plaintiff requested that

1     Defendant cease placing telephone calls to Plaintiff's cellular telephone.

2 16. On or around July 10, 2015, Plaintiff received a call from Defendant and told Defendant's

3     representative "I've already told you to stop calling me."

4 17. Plaintiff revoked any consent, express, implied or otherwise, to receive automated

5     collection calls from Defendant in the course of the telephone conversation in or around

6     April 30, 2015 and again on July 10, 2015

7 18. Despite Plaintiff's request to cease, Defendant continued to place multiple collection calls

8     to Plaintiff on a daily basis.

9 19. Defendant placed at least four hundred and thirty-nine (18) collection calls to Plaintiff over

10     an approximate seven-month period.

## COUNT I

### DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTIONS ACT

20. Defendant's actions alleged *supra* constitute numerous negligent violations of the TCPA, entitling Plaintiff to an award of $500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B).

21. Defendant's actions alleged *supra* constitute numerous and multiple knowing and/or willful violates of the TCPA, entitling Plaintiff to an award of $1500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

Wherefore, Plaintiff, TERRY PERALES, respectfully requests judgment be entered against Defendant, CITIBANK. for the following:

22. Statutory damages of $500.00 for each and every negligent violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(B);

23. Statutory damages of $1500.00 for each and every knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(b) and 47 U.S.C. § (b)(3)(C);

24. All court costs, witness fees and other fees incurred; and

25. Any other relief that this Honorable Court deems appropriate.

## COUNT II
## DEFENDANT VIOLATED THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

26. Plaintiff repeats and realleges all of the allegations in Count I of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

27. Defendant violated the RFDCPA based on the following:

   a. Defendant violated § 1788.11(d) of the RFDCPA by causing a telephone to ring repeatedly or continuously to annoy the person called;

   b. Defendant violated § 1788.11(e) of the RFDCPA by communicating with Plaintiff with such frequency as to be unreasonable and to constitute a harassment to Plaintiff.

   c. Defendant violated § 1788.17 of the RFDCPA by failing to comply with the Fair Debt Collection Practices, Act, 15 U.S.C. § 1692 *et seq.*, to wit:

      1. Defendant violated §1692d of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff;

      2. Defendant violated §1692d(5) of the FDCPA by causing a telephone to ring repeatedly or continuously with intent to annoy, harass, or abuse Plaintiff.

WHEREFORE, Plaintiff, TERRY PERALES, respectfully requests judgment be entered against Defendant, AMERICAN EXPRESS CORP. for the following:

28. Statutory damages of $1,000.00 pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788.30(b),

29. Costs and reasonable attorneys' fees pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ Code § 1788.30(c), and

30. Any other relief that this Honorable Court deems appropriate.

DATED:  October 23, 2015

RESPECTFULLY SUBMITTED,

KROHN & MOSS, LTD.


By: /s/Ryan Lee
    Ryan Lee
    Attorney for Plaintiff


**DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, TERRY PERALES, demands a jury trial in this case.